Mark Kennedy (Bar. No. 493380)
5100 Wisconsin Avenue, NW, Suite 400
Washington, D.C. 20016
Telephone: (202) 686-2210 ext. 315
Facsimile: (202) 686-2155

Attorney for Plaintiff,
PHYSICIANS COMMITTEE
FOR RESPONSIBLE MEDICINE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, 5100 Wisconsin Avenue, NW, Suite 400, Washington, D.C. 20016,<br><br>            Plaintiff<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, APHIS, LPA, FOIA 4700 River Road Unit 50 Riverdale, MD 20737-1232,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and implementing regulations, seeking injunctive relief ordering Defendant to provide documents requested by the Physicians Committee for Responsible Medicine ("PCRM") and a declaratory judgment that Defendant has violated FOIA by failing to timely respond to the appeal of Defendant's denial of PCRM's request.

## JURISDICTION AND VENUE

1. Pursuant to 5 U.S.C. § 552(a)(6)(C) PCRM has exhausted administrative remedies. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 and the authority to award costs and attorney fees under 5 U.S.C. § 552(a)(4)(E). Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

2. **PARTIES**

3. Plaintiff PCRM is a non-profit public health advocacy association, organized under 501(c)(3) of the Internal Revenue Code. Among other public interest activities, PCRM advocates for preventive medicine through good nutrition and encourages higher standards for ethics and effectiveness in medical research. PCRM's promotion of alternatives to the use of animals in medical education and research is part of a nationwide movement that has led to more than three-quarters of U.S. medical schools discontinuing their use of live animal labs for training medical students. It is also part of PCRM's mission to educate the public about the decisions that lead to the government spending vast sums on antiquated animal research methods, which are not properly validated as required by law or reasonably reliable for making determinations relevant to human health. To that end, PCRM distributes a quarterly publication, *Good Medicine*, to its membership base of more than 100,000 physician and layperson members and provides an Internet version of this publication free of charge on its Web site. Additionally, PCRM's staff includes a communications department that promotes the organization's activities through news conferences and television, radio, and print media.

4. Defendant United States Department of Agriculture ("USDA") is a United States agency, of which the **Animal and Plant Health Inspection Service** ("APHIS") is a component. APHIS supports the USDA in administering the Animal Welfare Act. USDA and APHIS are agencies within the meaning of 5 U.S.C. § 552(f)(1).

5. **STATEMENT OF FACTS**

6. On September 13, 2006, PCRM sent a FOIA request to APHIS requesting all documents, from January 1, 2005, to the present, that contain information relating to the University of Wisconsin School of Medicine's use of live animals in medical education courses and the role of USDA and the University of Wisconsin School of Medicine Institutional Animal Care and Use Committee in the creation and oversight of those courses using live animals.

7. By letter dated December 15, 2006, APHIS provided a three-page "partial response" that included several responsive documents. APHIS stated that

2

|     | |
| --- | --- |
|     | it was "complet[ing] its review of the remaining records." The letter also included the determination that some of the documents already reviewed were deemed exempt. |
| 8.  | On December 20, 2006, PCRM contacted, by telephone, APHIS's FOIA Officer, Robbie Perry, who confirmed that the letter and documents provided to PCRM on December 15, 2006, constituted a partial response to the request and that APHIS was still "complet[ing] its review of the remaining records," after which APHIS would respond further. |
| 9.  | On February 12, February 21, and March 7, 2007, PCRM contacted Mr. Perry, requesting a final response to its FOIA request. |
| 10. | APHIS never provided PCRM with a final determination of its FOIA request. |
| 11. | On March 16, 2007, PCRM appealed APHIS's denial, through inaction, of the September 13, 2006 request. PCRM did not appeal the exemptions claimed in APHIS's partial response. |
| 12. | PCRM contacted APHIS again on April 23, May 7, and May 10, 2007, each time requesting a final response. |
| 13. | On May 15, 2007, PCRM spoke with APHIS's Acting Director, FOIA Officer, Cheri Oswalt, in person, about the status of PCRM's appeal. |
| 14. | On May 18, 2007, PCRM contacted Ms. Oswalt via e-mail to follow up on the conversation of May 15, 2007. |
| 15. | On May 24, 2007, PCRM contacted Mr. Perry, again requesting a final response. Mr. Perry stated that he would contact PCRM during the week of May 28, 2007. |
| 16. | On June 6, 2007, PCRM left a voicemail message for Mr. Perry regarding its request. Mr. Perry did not respond. |
| 17. | PCRM still has not received any communications from Mr. Perry or Ms. Oswalt. |
| 18. | PCRM did not receive a timely response to its administrative appeal, as provided for in 5 U.S.C. § 552(a)(6)(C)(ii) and 7 C.F.R. § 1.14(c). |
| 19. | PCRM has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i). |
| 20. | **PLAINTIFF'S CLAIM FOR RELIEF** |
| 21. | **CLAIM ONE** |
| 22. | **(Failure to timely respond to appeal)** |
| 23. |     |
| 24. | PCRM realleges and incorporates by reference paragraphs 1–17. |
| 25. | FOIA provides that "[a]ny person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i). |
| 26. | APHIS's failure to timely respond to PCRM's request and its inability to commit to a definite response date constitute denial through inaction. |
| 27. | PCRM properly appealed the denial of its request for records within USDA's and APHIS's control. |

3

28. APHIS was required to respond to PCRM's appeal within 20 working days. 5 U.S.C. § 552(a)(6)(A)(ii).
29. APHIS failed to respond to PCRM's appeal within 20 working days and did not provide written notice of an extension of the statutory time limit.
30. APHIS continues to be unresponsive to PCRM's appeal.
31. Therefore, Defendant violated FOIA by not timely responding to PCRM's appeal.

32. **RELIEF REQUESTED**

33. WHEREFORE, PCRM respectfully requests that this Court:

A. declare that Defendant has violated FOIA by failing to respond to PCRM's appeal;

B. order Defendant to deliver responsive documents to PCRM;

C. award PCRM its reasonable attorney fees and litigation costs incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Mark Kennedy (Bar No. 493380)           PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE
5100 Wisconsin Avenue, NW, Suite 400
Washington, D.C. 20016
Attorney for Plaintiff
(202) 686-2210 ext. 315
(202) 686-2155 (fax)

Dated: November 28, 2007

4

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

*I 07-2144 HHK* (handwritten)

## I (a) PLAINTIFFS

PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE,
5100 Wisconsin Avenue, NW, Suite 400,
Washington, D.C. 20016

*11091* (handwritten)

## DEFENDANTS

UNITED STATES DEPARTMENT OF AGRICULTURE,
APHIS, LPA, FOIA
4700 River Road Unit 50
Riverdale, MD 20737-1232

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   *Prince Georges* (handwritten)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mark Kennedy
Physicians Committee for Responsible Medicine
5100 Wisconsin Avenue, NW
Washington, DC 20016

Case: 1:07-cv-02144
Assigned To : Kennedy, Henry H.
Assign. Date : 11/28/2007
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*③* (handwritten circled)

| ○ G. *Habeas Corpus/* 2255 | ○ H **Employment** *Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552. Action seeks declaratory judgment and injunctive relief ordering Defendant to deliver responsive documents.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐  If yes, please complete related case form.

DATE November 28, 2007  SIGNATURE OF ATTORNEY OF RECORD /s/ Mark /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.