UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 07-2144 (HHK) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF

Defendant United States Department of Agriculture ("Defendant" or "Agency") hereby answers the Complaint for Injunctive Relief ("Complaint")[1] filed by Plaintiff Physicians Committee for Responsible Medicine ("Plaintiff" or "PCRM") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff asserts claims as to which Plaintiff has failed to exhaust all administrative remedies.

### THIRD DEFENSE

Defendant responds to the separately numbered paragraphs and prayer for relief

---

[1] The version of the Complaint that was served on the United States Attorney's Office is formatted differently than the version of the Complaint that was docketed on the Court's CM/ECF system. In particular, although the substantive text of the two versions appears to be identical, the paragraph numbers on the respective versions are not. For the resolution of doubt, Defendant hereby answers the version of the Complaint that was served upon the United States Attorney's Office, which is attached hereto as Exhibit A.

contained in the Complaint below.  To the extent that any allegation is not admitted, it is denied.

Moreover, to the extent the Complaint refers to or quotes from external documents, statutes or

other sources, although in response Defendant may refer to such materials for their accurate and

complete contents, Defendant's references are not intended to be, and should not be construed to

be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are

relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant

answers as follows:[2]

## JURISDICTION AND VENUE[3]

1.      The allegations set forth in paragraph 1 of the Complaint ("Paragraph 1") are

conclusions of law to which no response is required.  To the extent a response is deemed

required, Defendant denies such allegations, except admits that venue is proper.

## PARTIES

2.      Defendant is without sufficient knowledge and information to admit or deny the

allegations contained in Paragraph 2, and therefore, denies the same.

3.      Defendant admits the allegations set forth in Paragraph 3.

## STATEMENT OF FACTS

4.      Defendant admits the allegations set forth in Paragraph 4.

5.      Defendant admits the allegations set forth in Paragraph 5.

---

[2]      The allegations set forth in the unnumbered preface at the beginning of the Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies such allegations.

[3]      Merely for reference, Defendant replicates the headings contained in the Complaint herein.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

6.      In response to Paragraph 6, Defendant admits that Robbie Perry, a FOIA Officer for the Animal and Plant Health Inspection Service ("APHIS"), had telephone conversations with Ryan Merkley of PCRM.   Defendant denies the remaining allegations set forth in Paragraph 6.

7.      In response to Paragraph 7, Defendant admits that Robbie Perry, a FOIA Officer for APHIS, had telephone conversations with Ryan Merkley of PCRM.  Defendant denies the remaining allegations set forth in Paragraph 7.

8.      Defendant admits the allegations contained in Paragraph 8.  Defendant further avers, as Defendant has informed Plaintiff, that Defendant intends shortly to provide Plaintiff a final response, including the release of additional records.

9.      In response to Paragraph 9, Defendant admits that on March 26, 2007, PCRM purported to appeal the Agency's denial, through inaction, of PCRM's September 13, 2006 request, and that PCRM did not appeal the exemptions claim in the Agency's partial response.

10.      Defendant denies the allegations contained in Paragraph 10.

11.      Defendant admits the allegations contained in Paragraph 11.

12.      Defendant admits the allegations contained in Paragraph 12.

13.      In response to Paragraph 13, Defendant admits that Robbie Perry, a FOIA Officer for APHIS, had telephone conversations with Ryan Merkley of PCRM.  Defendant denies the remaining allegations set forth in Paragraph 13.

14.       In response to Paragraph 14, Defendant admits that Robbie Perry, a FOIA Officer for APHIS, had telephone conversations with Ryan Merkley of PCRM.  Defendant denies the remaining allegations set forth in Paragraph 14.

15.     As to Paragraph 15, Defendant admits that neither Mr. Perry nor Mr. Oswalt has sent Plaintiff a communication regarding Plaintiff's FOIA requests since June 6, 2007.

16.     Defendant admits the allegations contained in Paragraph 16, but avers that Plaintiff's appeal was not timely filed.

17.     Defendant denies the allegations contained in Paragraph 17.

## PLAINTIFF'S CLAIM FOR RELIEF

### CLAIM ONE
**(Failure to timely respond to appeal)**

18.     Defendant hereby incorporates its above responses to Paragraphs 1 through 17.

19.     The allegations set forth in Paragraph 19 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant refers to the quoted statute for its true and complete contents.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant admits the allegations contained in Paragraph 22, but refers to the cited statute for its true and complete contents.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant denies the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

## RELIEF REQUESTED

A.     Paragraphs A through D contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, the Agency denies the allegations set

forth in Paragraphs A through D and specifically denies that Plaintiff is entitled to any relief

whatsoever.

Dated: February 1, 2008                         Respectfully submitted,
         Washington, DC


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


              /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2008, I caused the foregoing Answer to Complaint for Injunctive Relief to be served on counsel of record, including Plaintiff's counsel, via the Court's Electronic Case Filing System (ECF).


Dated: February 1, 2008
       Washington, D.C.

Respectfully submitted,

    /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov